AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# UNITED STATES DISTRICT COURT
### Eastern District of Washington

**Jan 19, 2023**

SEAN F. MCAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| RIO A MIRABAL | Case Number:    2:21-CR-00057-RMP-1 |
| | USM Number:    49383-509 |
| | Zachary Lynn Ayers |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    1 of the Indictment

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section    / | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 844(i) | Damage by Fire to Building Used in Interstate and Foreign Commerce | 03/18/2021 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____    ☐ is    ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/17/2023
Date of Imposition of Judgment

Signature of Judge

The Honorable Rosanna Malouf Peterson   Senior Judge, U.S. District Court
Name and Title of Judge

1/19/2023
Date

AO 245B    (Rev. 09/19)    Judgment in a Criminal Case                                                    Judgment -- Page 2 of 7
Sheet 2 - Imprisonment

DEFENDANT:        RIO A MIRABAL
Case Number:      2:21-CR-00057-RMP-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total
term of:        5 Years as to Count 1 with credit for time served.

The court makes the following recommendations to the Bureau of Prisons:

☒    The Defendant be placed in facility with co-occurring treatment programs for mental health and substance abuse.
Defendant be released to home confinement at a time that is appropriate in Bureau of Prisons' consideration, but preferably two
years of home confinement.

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____    ☐    a.m.    ☐    p.m.    on _____

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment -- Page 3 of 7

DEFENDANT:        RIO A MIRABAL
Case Number:     2:21-CR-00057-RMP-1

# SUPERVISED RELEASE

Upon release from imprisonment, you shall be on supervised release for a term of:     3 Years.

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐   The above drug testing condition is suspended, based on the court's determination that you
        pose a low risk of future substance abuse. (*check if applicable*)

4.   ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6.   ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 09/19)   Judgment in a Criminal Case
        Sheet 3A – Supervised Release

Judgment -- Page 4 of 7

---

DEFENDANT:      RIO A MIRABAL
Case Number:    2:21-CR-00057-RMP-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must be truthful when responding to the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature      _____  Date   _____

AO 245B   (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D – Supervised Release

Judgment -- Page 5 of 7

DEFENDANT:        RIO A MIRABAL
Case Number:     2:21-CR-00057-RMP-1

# SPECIAL CONDITIONS OF SUPERVISION

1. You must not communicate, or otherwise interact, with St. Charles Parrish or its employees either directly or through someone else, without first obtaining the permission of the probation officer. You must not enter the premises or loiter within 1000 feet of the victim's residence or place of employment.

2. You must take medications for the treatment of schizophrenia as prescribed by the licensed mental health treatment provider.

3. You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court.  You must allow reciprocal release of information between the supervising officer and
treatment provider. You must contribute to the cost of treatment according to your ability to pay.

4. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

5. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and
treatment provider.

6. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

7. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

AO 245B   (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment -- Page 6 of 7

DEFENDANT:       RIO A MIRABAL
Case Number:       2:21-CR-00057-RMP-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $100.00 | $4,981,859.07 | $.00 | $.00 | $.00 |

☐ The special assessment imposed pursuant to 18 U.S.C. § 3013 is hereby remitted pursuant to 18 U.S.C. § 3573(1) because reasonable efforts to collect this assessment are not likely to be effective and in the interests of justice.

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Catholic Mutual Group | $4,979,359.07 | $4,979,359.07 | in full |
| Pastoral Center Diocese of Spokane | $1,500.00 | $1,500.00 | in full |
| St. Charles Borromeo Catholic Church | $1,000.00 | $1,000.00 | in full |
| TOTALS | $4,981,859.07 | $4,981,859.07 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses commited on or after September 13, 1994, but before April 23, 1996.

☐ Restitution amount ordered pursuant to plea agreement    $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

*    Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**   Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/19)   Criminal Judgment                                          Judgment -- Page 7 of 7
Sheet 6 – Schedule of Payment

DEFENDANT:      RIO A MIRABAL
Case Number:    2:21-CR-00057-RMP-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payments of $ _____ due immediately, balance due
   ☐  not later than                                              , or
   ☐  in accordance with    ☐  C,  ☐  D,  ☐  E, or  ☐  F below; or

B  ☒  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☒  F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal    *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

   Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary
   penalties are payable on a quarterly basis of not less than $25.00 per quarter.

   While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the
   defendant's net household income, whichever is larger, commencing 30 days after the defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made online at www.waed.uscourts.gov/payments or mailed to the following address
until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
   and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment (5) fine
principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court
costs.

AO 245B    (Rev. 09/19)  Judgment in a Criminal Case
Attachment – Statement of Reasons

| | |
|---|---|
| DEFENDANT: | RIO A MIRABAL |
| CASE NUMBER: | 2:21-CR-00057-RMP-1 |
| DISTRICT: | Eastern District of Washington |

Statement of Reasons - Page 1 of 4

# STATEMENT OF REASONS
### (Not for Public Disclosure)

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

## I.   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A.  ☒  **The court adopts the presentence investigation report without change.**

B.  ☐  **The court adopts the presentence investigation report with the following changes:** (*Use Section VIII if necessary*)

(*Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report*)

1.  ☐  **Chapter Two of the United States Sentencing Commission Guidelines Manual** determinations by court: (*briefly summarize the changes, including changes to base offense level, or specific offense characteristics*):

2.  ☐  **Chapter Three of the United States Sentencing Commission Guidelines Manual** determinations by court: (*briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility*):

3.  ☐  **Chapter Four of the United States Sentencing Commission Guidelines Manual** determinations by court: (*briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations*):

4.  ☐  **Additional Comments or Findings:** (*include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it*):

C.  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed. R. Crim. P. 32.**

Applicable Sentencing Guideline (*if more than one guideline applies, list the guideline producing the highest offense level*): _____

## II   COURT FINDINGS ON MANDATORY MINIMUM SENTENCE *(Check all that apply.)*

A.  ☒  One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

B.  ☐  One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below the mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

☐  findings of fact in this case (*Specify*):

☐  substantial assistance (18 U.S.C. § 3553(e))
☐  the statutory safety valve (18 U.S.C. § 3553(f))

C.  ☐  No count of conviction carries a mandatory minimum sentence.

## III.   COURT DETERMINATION OF GUIDELINE RANGE *(BEFORE DEPARTURES OR VARIANCES)*:

| | |
|---|---|
| Total Offense Level | 21 |
| Criminal History Category: | III |
| Guideline Range: (*after application of § 5G1.1 and § 5G1.2*) | 60 to 60 months |
| Supervised Release Range: | 1 to 3 years |
| Fine Range: | $ $15,000.00 to $150,000.00 |

☒  Fine waived or below the guideline range because of inability to pay.

AO 245B   (Rev. 09/19)   Judgment in a Criminal Case
              Attachment – Statement of Reasons

(Not for Public Disclosure)

DEFENDANT:    RIO A MIRABAL
CASE NUMBER:    2:21-CR-00057-RMP-1
DISTRICT:    Eastern District of Washington

Statement of Reasons - Page 2 of 4

# STATEMENT OF REASONS

### IV.   GUIDELINE SENTENCING DETERMINATION *(Check all that apply)*

A.  ☐   The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

B.  ☐   The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*

C.  ☐   The court departs from the guideline range for one or more reasons provided in the <u>Guidelines Manual</u>.
    *(Also complete Section V)*

D.  ☐   The court imposed a sentence otherwise outside the sentencing guideline system (*i.e.*, a variance). *(Also complete Section VI)*

### V.   DEPARTURES PURSUANT TO THE GUIDELINES MANUAL *(If applicable)*

A.  **The sentence imposed departs** *(Check only one)*:
    ☐ above the guideline range
    ☐ below the guideline range

B.  **Motion for departure before the court pursuant to** *(Check all that apply and specify reason(s) in sections C and D)*:
    **1.**    **Plea Agreement**
        ☐ binding plea agreement for departure accepted by the court
        ☐ plea agreement for departure, which the court finds to be reasonable
        ☐ plea agreement that states that the government will not oppose a defense departure motion
    **2.**    **Motion Not Addressed in a Plea Agreement**
        ☐ government motion for departure
        ☐ defense motion for departure to which the government did not object
        ☐ defense motion for departure to which the government objected
        ☐ joint motion by both parties
    **3.**    **Other**
        ☐ Other than a plea agreement or motion by the parties for departure

C.  **Reasons for departure** *(Check all that apply)*:

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.17 | High-Capacity Semiautomatic Weapon |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.20 | Aberrant Behavior |
| ☐ 5H1.11 | Military Service | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5H1.11 | Charitable Service/Good Works | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.22 | Sex Offender Characteristics |
| ☐ 5K1.1 | Substantial Assistance | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| ☐ 5K2.0 | Aggravating/Mitigating Circumstances | ☐ 5K2.11 | Lesser Harm | ☐ 5K2.24 | Unauthorized Insignia |
| | | | | ☐ 5K3.1 | Early Disposition Program (EDP) |

☐ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual *(see "List of Departure Provisions" following the Index in the Guidelines Manual). (Please specify)*:

    D. **State the basis for the departure.** *(Use Section VIII if necessary)*

AO 245B    (Rev. 09/19)  Judgment in a Criminal Case
Attachment – Statement of Reasons

(Not for Public Disclosure)

| | |
|---|---|
| DEFENDANT:    RIO A MIRABAL | Statement of Reasons - Page 3 of 4 |
| CASE NUMBER:  2:21-CR-00057-RMP-1 | |
| DISTRICT:    Eastern District of Washington | |

# STATEMENT OF REASONS

**VI.** **COURT DETERMINATION FOR A VARIANCE** (*If applicable*)

    **A.** **The sentence imposed is** (*Check only one*):

        ☐ above the guideline range

        ☐ below the guideline range

    **B.** **Motion for a variance before the court pursuant to** (*Check all that apply and specify reason(s) in sections C and D*):

        1.      **Plea Agreement**

            ☐ binding plea agreement for a variance accepted by the court

            ☐ plea agreement for a variance, which the court finds to be reasonable

            ☐ plea agreement that states that the government will not oppose a defense motion for a variance

        2.      **Motion Not Addressed in a Plea Agreement**

            ☐ government motion for a variance

            ☐ defense motion for a variance to which the government did not object

            ☐ defense motion for a variance to which the government objected

            ☐ joint motion by both parties

        3.      **Other**

            ☐ Other than a plea agreement or motion by the parties for a variance

    **C.** **18 U.S.C. § 3553(a) and other reason(s) for a variance** (*Check all that apply*)

        ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1)

            ☐ Mens Rea          ☐ Extreme Conduct          ☐ Dismissed/Uncharged Conduct

            ☐ Role in the Offense          ☐ Victim Impact

            ☐ General Aggravating or Mitigating Factors (*Specify*) _____

        ☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

            ☐ Aberrant Behavior          ☐ Lack of Youthful Guidance

            ☐ Age          ☒ Mental and Emotional Condition

            ☐ Charitable Service/Good Works          ☐ Military Service

            ☐ Community Ties          ☐ Non-Violent Offender

            ☐ Diminished Capacity          ☐ Physical Condition

            ☒ Drug or Alcohol Dependence          ☐ Pre-sentence Rehabilitation

            ☐ Employment Record          ☐ Remorse/Lack of Remorse

            ☐ Family Ties and Responsibilities          ☐ Other (*Specify*): _____

            ☐ Issues with Criminal History (*Specify*): _____

        ☒ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

        ☒ To afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

        ☒ To protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

        ☐ To provide the defendant with needed educational or vocational training (18 U.S.C. § 3553(a)(2)(D))

        ☐ To provide the defendant with medical care (18 U.S.C. § 3553(a)(2)(D))

        ☐ To provide the defendant with other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

        ☐ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) (*Specify in section D*)

        ☐ To provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

        ☐ Acceptance of Responsibility         ☐ Conduct Pre-trial/On Bond   ☐ Cooperation Without Government Motion for Departure

        ☐ Early Plea Agreement         ☐ Global Plea Agreement

        ☐ Time Served (*not counted in sentence*)        ☐ Waiver of Indictment   ☐ Waiver of Appeal

        ☐ Policy Disagreement with the Guidelines (*Kimbrough v. U.S.*, 552 U.S. 85 (2007). (*Specify*): _____

        _____

        ☐ Other (*Specify*): _____

    **D.** **State the basis for a variance.** (*Use Section VIII if necessary*)

AO 245B    (Rev. 09/19)   Judgment in a Criminal Case
                Attachment – Statement of Reasons
(Not for Public Disclosure)

DEFENDANT:      RIO A MIRABAL
CASE NUMBER:   2:21-CR-00057-RMP-1
DISTRICT:       Eastern District of Washington

Statement of Reasons - Page 4 of 4

# STATEMENT OF REASONS

## VII.  COURT DETERMINATIONS OF RESTITUTION

A. ☐  **Restitution not applicable.**

B.  **Total amount of restitution:**    $4,981,859.07

C.  **Restitution not ordered** *(Check only one):*

    1.  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2.  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3.  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4.  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).

    5.  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).

    6.  ☐  Restitution is not ordered for other reasons. *(Explain)*

D. ☐  **Partial restitution is ordered for these reasons** *(18 U.S.C. § 3553(c)):*

## VIII.  ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

Defendant's Soc. Sec. No.:    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

Defendant's Date of Birth:    09/09/1998

Defendant's Residence Address:
    Unknown

Defendant's Mailing Address:
    Same as above

1/17/2023
Date of Imposition of Judgment

*Rosanna Malouf Peterson*
Signature of Judge
The Honorable Rosanna Malouf Peterson      Senior Judge, U.S. District Court

1/19/2023
Date Signed